UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SHERI ANN SCHERPENBERG,
Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,
Defendant.

Case No. 1:12-cv-478

Dlott, J.
Litkovitz, M.J.

**REPORT AND
RECOMMENDATION**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security (Commissioner) denying plaintiff's application for supplemental security income (SSI). This matter is before the Court on plaintiff's Statement of Errors (Doc. 9), the Commissioner's memorandum in opposition (Doc. 12), and plaintiff's reply memorandum. (Doc. 14).

**I. Procedural Background**

Plaintiff filed an application for SSI in June 2007, alleging disability since February 1, 2002 due to bipolar disorder, bilateral knee replacement, rheumatoid arthritis, chronic obstructive pulmonary disease (COPD), right ankle replacement, hepatitis C, diabetes, and degeneration of bones in her spine. Plaintiff's application was denied initially and upon reconsideration. Plaintiff, through counsel, requested and was granted a de novo hearing before administrative law judge (ALJ) John Robert Montgomery. Plaintiff and a vocational expert (VE) appeared and testified at the ALJ hearing. On July 26, 2010, the ALJ issued a decision denying plaintiff's SSI application. Plaintiff's request for review by the Appeals Council was denied, making the decision of the ALJ the final administrative decision of the Commissioner.

## II. Analysis

### A. Legal Framework for Disability Determinations

To qualify for disability benefits, a claimant must suffer from a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 1382c(a)(3)(A) (SSI). The impairment must render the claimant unable to engage in the work previously performed or in any other substantial gainful employment that exists in the national economy. 42 U.S.C. § 1382c(a)(3)(B).

Regulations promulgated by the Commissioner establish a five-step sequential evaluation process for disability determinations:

1) If the claimant is doing substantial gainful activity, the claimant is not disabled.

2) If the claimant does not have a severe medically determinable physical or mental impairment – *i.e.*, an impairment that significantly limits his or her physical or mental ability to do basic work activities – the claimant is not disabled.

3) If the claimant has a severe impairment(s) that meets or equals one of the listings in Appendix 1 to Subpart P of the regulations and meets the duration requirement, the claimant is disabled.

4) If the claimant's impairment does not prevent him or her from doing his or her past relevant work, the claimant is not disabled.

5) If the claimant can make an adjustment to other work, the claimant is not disabled. If the claimant cannot make an adjustment to other work, the claimant is disabled.

*Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 652 (6th Cir. 2009) (citing §§ 404.1520(a)(4)(i)-(v), 404.1520(b)-(g)). The claimant has the burden of proof at the first four steps of the sequential evaluation process. *Id.; Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541,

548 (6th Cir. 2004). Once the claimant establishes a prima facie case by showing an inability to perform the relevant previous employment, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful employment and that such employment exists in the national economy. *Rabbers*, 582 F.3d at 652; *Harmon v. Apfel*, 168 F.3d 289, 291 (6th Cir. 1999).

    **B.   The Administrative Law Judge's Findings**

The ALJ applied the sequential evaluation process and made the following findings of fact and conclusions of law:

> 1. The [plaintiff] has not engaged in substantial gainful activity since June 25, 2007, the application date (20 CFR 416.971 *et seq.*).
>
> 2. The [plaintiff] has the following severe impairments: osteoarthritis of the knees, status post bilateral knee replacements, rheumatoid arthritis, chronic obstructive pulmonary disease, degenerative disc disease of the lumbar spine, status post partial laminectomy right L5-S1, human immunodeficiency virus, non-insulin dependent diabetes mellitus, hepatitis C, dysthymia, generalized anxiety disorder, and history of cannabis dependence (20 CFR 416.920(c)).
>
> 3. The [plaintiff] does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 416.920(d), 416.925 and 416.926).
>
> 4. After careful consideration of the entire record, the [ALJ] finds that the [plaintiff] has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except she can stand/walk for a total of 2 hours in an 8-hour workday. She can never crouch, crawl, kneel, or climb ladders. She must avoid moderate exposure to fumes and hazards, such as dangerous machinery and unprotected heights. Mentally, the claimant must work in a low-stress environment, meaning no fast-paced work and no frequent interaction with others.
>
> 5. The [plaintiff] is unable to perform any past relevant work[1] (20 CFR 416.965).

---

[1] Plaintiff's past relevant work was as a waitress, cashier and barber. (Tr. 27, 167, 196).

6. The [plaintiff] was born [in]. . . 1960 and was 46 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963).

7. The [plaintiff] has at least a high school education and is able to communicate in English (20 CFR 416.964).

8. The [plaintiff] has acquired work skills from past relevant work (20 CFR 416.968).

9. Considering the [plaintiff]'s age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the [plaintiff] can perform (20 CFR 416.969, and 416.969(a)).

10. The [plaintiff] has not been under a disability, as defined in the Social Security Act, since June 25, 2007, the date the application was filed (416.920(g)).

(Tr. 21-29).

### C. Judicial Standard of Review

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g) and involves a twofold inquiry: (1) whether the findings of the ALJ are supported by substantial evidence, and (2) whether the ALJ applied the correct legal standards. *See Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see also Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007).

The Commissioner's findings must stand if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citing *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). Substantial evidence consists of "more than a scintilla of evidence but less than a preponderance. . . ." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). In deciding whether the Commissioner's findings are supported by substantial evidence, the Court considers the record as a whole. *Hephner v. Mathews*, 574 F.2d 359 (6th Cir. 1978).

4

The Court must also determine whether the ALJ applied the correct legal standards in the disability determination. Even if substantial evidence supports the ALJ's conclusion that the plaintiff is not disabled, "a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Rabbers*, 582 F.3d at 651 (quoting *Bowen*, 478 F.3d at 746). *See also Wilson*, 378 F.3d at 545-46 (6th Cir. 2004) (reversal required even though ALJ' s decision was otherwise supported by substantial evidence where ALJ failed to give good reasons for not giving weight to treating physician's opinion, thereby violating the agency's own regulations).

**D. Specific Errors**

On appeal, plaintiff raises two assignments of error. First, plaintiff asserts the ALJ erred in finding that her impairments do not meet the requirements for Listing 14.08, the Listing addressing adult human immunodeficiency virus (HIV) infection. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 14.08. Plaintiff specifies that contrary to the ALJ's determination, the record evidence supports a finding that she meets Listing 14.08J and 14.08K. Second, plaintiff contends the ALJ erred in not giving controlling weight to the opinion of her treating physician, Daniel Sway, M.D. Plaintiff seeks a reversal of the ALJ's decision and an award of benefits or, alternatively, remand for further proceedings. For the following reasons, the Court finds that the ALJ erred in finding that plaintiff did not meet or medically equal Listing 14.08J.

The ALJ determined that although plaintiff has been diagnosed with HIV she did not meet or equal Listing 14.08 as the record did not contain "evidence of bacterial infections, fungal infections, or protozoan or helminthic infections" necessary to satisfy the

5

Listing. (Tr. 23). Plaintiff contends the ALJ erred in making this finding as the record evidence demonstrates that she satisfied the criteria of Listing 14.08J and 14.08K. Plaintiff further asserts the ALJ's cursory analysis of the Listing 14.08 criteria is not substantially supported by the record evidence. Plaintiff's arguments are well-taken.

Upon determining that plaintiff's HIV was a severe impairment, the ALJ was required to thoroughly discuss whether it met the relevant listing. *Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 415 (6th Cir. 2011). Listing 14.08 includes eleven subsidiary lists of impairments (A-K) and to meet the listing plaintiff need only establish that she satisfies the criteria for one of these. The ALJ's decision states that plaintiff did not meet Listing 14.08 because there was no evidence that plaintiff had bacterial, fungal, protozoan, or helminthic infections which relate to, respectively, Listing 14.08A, B, and C. However, the decision provides no discussion whatsoever as to the remaining eight subsections of the Listing. The ALJ erred by omitting any analysis of the eight remaining subsections because "[p]laintiff is entitled to a rationale for the ALJ's finding that [her] HIV does not meet or medically equal the Listings." *Caradine v. Comm'r of Soc. Sec.*, No. 12-10614, 2013 WL 388729, at *11 (E.D. Mich. Jan. 11, 2013) (Report & Recommendation), *aff'd*, 2013 WL 393237 (E.D. Mich. Jan. 31, 2013).

The record shows that plaintiff meets the criteria for Listing 14.08J, which requires evidence of:

> J. One or more of the following infections (other than described in A-I above). The infection(s) must either be resistant to treatment or require hospitalization or intravenous treatment three or more times in a 12-month period.
>
>> 1. Sepsis; or
>>
>> 2. Meningitis; or
>>
>> 3. Pneumonia; or

6

      4. Septic arthritis; or

      5. Endocarditis; or

      6. Sinusitis documented by appropriate medically acceptable imaging.

20 C.F.R. Part 404, Subpart P, Appendix 1, § 14.08J. As described more fully below, the evidence demonstrates that plaintiff suffered from pneumonia and sinusitis infections requiring hospitalization and intravenous treatment three or more times in less than 12 months.

      Plaintiff was hospitalized from October 7 to October 12, 2009, after she treated with Stephen Blatt, M.D., an infectious disease consultant, for cough, shortness of breath, wheezing, purulent sputum production, fatigue and fever. (Tr. 899-909). She exhibited persistent symptoms of pneumonia, despite oral antibiotic therapy and had recurrent sinusitis due to underlying immunosuppression. (Tr. 899). A sinus scan showed right maxillary sinusitis and she was treated with intravenous antibiotic therapy. (Tr. 899, 905) Plaintiff's discharge diagnosis was HIV infection with AIDS based on CD-4 count, chronic hepatitis C, acute maxillary sinusitis, pancytopenia related to HIV infection and chronic pain syndrome. (Tr. 899-909).

      Plaintiff was hospitalized again from October 21 to October 26, 2009, after presenting with complaints of weakness, coughing, shortness of breath, pain, and vomiting. (Tr. 926-55). She was treated with, among other things, intravenous antibiotics. (Tr. 940). On discharge, she was diagnosed with COPD exacerbation, maxillary sinusitis, HIV infection with AIDS, chronic hepatitis C, pancytopenia, chronic pain syndrome, depression and anxiety. (Tr. 941).

Plaintiff's discharge note include the following notation: "[plaintiff] is known to have a pretty significant sinusitis that has not been getting better . . . ." *Id.*

Plaintiff was hospitalized a third time from December 30, 2009 through January 3, 2010, for complaints of cough, sputum production, fever, chest pain, nausea and vomiting. (Tr. 1032-69). A December 30, 2009 imaging scan revealed that plaintiff's right maxillary sinusitis had improved since October 7, 2009, but still persisted. (Tr. 1035). Plaintiff was again treated with intravenous antibiotics. (Tr. 1043). Her discharge diagnosis was severe COPD with exacerbation, HIV infection/AIDS, chronic sinusitis, chronic hepatitis C, type 2 diabetes and gastroesophageal reflux disease. (Tr. 1032-69).

The above evidence demonstrates that within a four-month period, from October 2009 to January 2010, plaintiff required hospitalization and intravenous antibiotic treatment on three occasions for pneumonia and a chronic sinusitis infection which was documented by medically acceptable imaging. Consequently, the evidence shows plaintiff meets the criteria of Listing 14.08J.[1] Yet, the ALJ's one-sentence analysis is limited to whether plaintiff met or equaled Listing 14.08A, B, and C and is silent on the remaining eight subparts of the Listing, including Listing 14.08J. (Tr. 23). The ALJ's failure to discuss the evidence in relation to these subparts of the listing inhibits meaningful review of the decision. *Reynolds,* 424 F. App'x at 416. Without a thorough evaluation of the evidence, a comparison of the evidence to the relevant

---

[1] The Commissioner asserts that despite this objective evidence, plaintiff does not meet Listing 14.08J as "there is no confirmation that she was resistant to treatment for . . . sinusitis, or that she was hospitalized three times for th[is] condition[ ]." (Doc. 12 at 5). This argument misses the mark. First, to meet Listing 14.08J, plaintiff only need demonstrate that her sinusitis is resistant to treatment *or* that she required hospitalization *or* intravenous treatment three or more times in a 12 month period. It is not necessary that she show that she was treated with intravenous medication for sinusitis *and* that it was resistant to treatment or that it required hospitalization. Regardless, even if such a showing were required, the hospital records demonstrate that her sinusitis was, indeed, resistant to treatment contrary to the Commissioner's assertion. *See* Tr. 941 (describing plaintiff's sinusitis as significant and not improving despite antibiotic treatment).

subparts of the listing, and a detailed conclusion, "it is impossible to say that the ALJ's decision at Step Three [is] supported by substantial evidence." *Id.* (citing cases). *See also Christephore v. Comm'r of Soc. Sec.*, No. 11-13547, 2012 WL 2274328, at *6-10 (E.D. Mich. June 18, 2012) (reversing and remanding case where ALJ did not address symptoms of plaintiff's severe HIV impairment in relation of Listings 14.00 and 14.08). The ALJ's failure to engage in a complete Step Three analysis was in error and requires a reversal of the decision. *Id.* Given this finding, the Court declines to reach plaintiff's remaining statement of error.

### III. This matter should be reversed for an award of benefits.

When the non-disability determination is not supported by substantial evidence, the Court must decide whether to reverse and remand the matter for rehearing or to reverse and order benefits granted. The Court has authority to affirm, modify or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405(g); *Melkonyan v. Sullivan,* 501 U.S. 89, 100 (1991).

Generally, benefits may be awarded immediately "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Secretary of H.H.S.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990). The Court may award benefits where the proof of disability is strong and opposing evidence is lacking in substance, so that remand would merely involve the presentation of cumulative evidence, or where the proof of disability is overwhelming. *Faucher,* 17 F.3d at 176; *see also Felisky v. Bowen,* 35 F.3d 1027, 1041 (6th Cir. 1994); *Mowery v. Heckler,* 771 F.2d 966, 973 (6th Cir. 1985). Such is the case here.

Here, proof of disability is overwhelming and remand would serve no purpose other than

delay. As discussed above, the record evidence demonstrates that plaintiff meets the criteria for Listing 14.08J as she has the severe impairment of HIV and was hospitalized three times from October 2009 to January 2010 for sinusitis infection and required intravenous treatment. Accordingly, this matter should be remanded for an award of benefits. The only question in this case is the appropriate onset date of disability. Since the determination of the onset date of disability is a factual issue, this matter should be remanded solely for a determination of the appropriate onset date and an award of benefits.

**IT IS THEREFORE RECOMMENDED THAT:**

This case be REVERSED pursuant to Sentence Four of 42 U.S.C. § 405(g) consistent with this opinion and remanded for a determination of the appropriate onset date and an award of benefits.

Date: 7/9/2013

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

SHERI ANN SCHERPENBERG,  
    Plaintiff,

vs.

COMMISSIONER OF  
SOCIAL SECURITY,  
    Defendant.

Case No. 1:12-cv-478

Dlott, J.  
Litkovitz, M.J.

**NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO R&R**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas* v. *Arn,* 474 U.S. 140 (1985); *United States* v. *Walters,* 638 F.2d 947 (6th Cir. 1981).